AO 106 (Rev. 04/10) Application for a Search Warrant     AUTHORIZED AND APPROVED/DATE: s/ Ashley Altshuler 2-10-22

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )    Case No. M-22- 88 -SM
iPhone, Model NT6F2LL/A, S/N GR6CH0UZKPHC )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the ____Western____ District of ____Oklahoma____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Felon in Possession of Ammunition |
| 18 U.S.C. 922(o) | Possession of Machinegun |

The application is based on these facts:

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

BRIAN ANDERSON, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: February 10, 2022

*Judge's signature*

City and state: Oklahoma City, Oklahoma          SUZANNE MITCHELL, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Brian Anderson, Special Agent (S/A) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), having been duly sworn, depose and state as follows:

1. I am employed as a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so since September of 2014. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia, as well as the ATF Special Agent Basic Training. During the course of my career in law enforcement, I have participated in and have receiving training in criminal investigations involving violations of federal firearm laws. I have used a variety of methods when investigating firearms related crimes, including, but not limited to, visual surveillance, witness interviews, the use of search warrants, confidential informants, undercover agents, mobile tracking devices, and consent searches. In my capacity as a Special Agent, I am empowered to investigate violations of the laws of the United States and execute warrants issued under the authority of the United States.

2. I am submitting this Affidavit in support of a search warrant authorizing a search of one cellular telephone—an iPhone, Model NT6F2LL/A, S/N GR6CHOUZKPHC, (hereinafter SUBJECT PHONE) as further described in Attachment A, which is incorporated into this Affidavit by reference. The Subject phone is currently in the custody of ATF. I am submitting this Affidavit in support of a search warrant authorizing a search of the SUBJECT PHONE for the items specified in Attachment B hereto, wherever they may be found, and to seize all items in Attachment B as instrumentalities, fruits, and evidence of the crimes below.

3. Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me regarding this investigation. I have

set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant. The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and review of documents and records.

## BACKGROUND OF INVESTIGATION

4. On or about January 23, 2022, OCPD Officers were assigned to a gun show, which was being held at the Oklahoma City Fairgrounds, located at 3001 General Pershing Blvd., in Oklahoma City, Oklahoma County, Oklahoma.

5. During the gun show, the assigned officers attempt to identify illegal activities, to include the illegal purchase or sale of firearms.

6. On the aforementioned date, OCPD Officers E. Wooten and M. Klika observed Heriberto Flores' (FLORES) arrival to the gun show and noted that FLORES was alone when he arrived. The officers observed FLORES' activities while at the gun show, to include FLORES eventually meeting up with an unknown female, later identified as H.A., and an unknown male, later identified as R.B. The officers then observed FLORES walking around the gun show and looking at firearms with H.A. and R.B. Based on the officer's training and experience, it was believed that FLORES was instructing H.A. on which firearms to buy.

7. The officers observed H.A. completing paperwork regarding the purchase of firearms, or the ATF Form 4473, at a vendor identified as Paul's Pistols. After a short period of time, H.A. walked away from the vendor's table without any firearms. Officer Wooten spoke with the vendor, Paul's Pistols, and learned that H.A. was placed on a NICS delay. H.A. then paid for the six (6) firearms and was told to travel to Tulsa, Oklahoma, the following week to take possession of the firearms.

8. Prior to leaving the gun show, the officers observed FLORES at a vendor's table that was selling ammunition. The officers observed FLORES purchasing ammunition from the vendor, which was placed into a white plastic bag. The officers then observed FLORES exit the gun show with the white plastic bag in his hand.

9. The officers maintained surveillance on FLORES, H.A., and R.B., and observed them make contact with an individual driving a blue in color Dodge Durango. The officers then observed what appeared to be a hand to hand transaction take place between FLORES and the driver of the Durango. Following the transaction, the Durango departed the area.

10. FLORES was then observed by the officers leaving the fairgrounds driving a tan in color 2017 Chevrolet Silverado LT, Texas Edition, bearing Oklahoma license plate KZR601. An OCPD patrol car conducted a traffic stop on FLORES' vehicle for failure to signal while turning westbound onto NW 10th St. The traffic stop occurred near the intersection of N Brookline Ave. and NW 10th St., in Oklahoma City, Oklahoma. The officer made contact with FLORES, who could not produce a valid driver's license and could only show the officer a cellular phone picture of a State of California Identification Card. According to the report, R.B. was seated in front passenger seat and H.A. was seated in the back passenger seat of the vehicle.

11. The officer had FLORES exit the vehicle and then the officer escorted FLORES to the patrol car. FLORES gave the officer verbal consent to search his person. During the search, the officer found a small black plastic item, with a plastic piece that the officer described as being in the shape of a "knife blade" extending from it. When asked about the item, FLORES replied, "I think it's for making a gun go faster," or converting a firearm to full auto. FLORES then stated that he purchased it from someone at the gun show. In addition, the officer located approximately $3,500.00 in U.S. Currency in FLORES' left front pocket.

12. Based on my training and experience, the plastic item described in paragraph #15 is often referred to as a full auto switch, which meets the definition of a machinegun as defined in Title 26 U.S.C. 5845(b).

13. FLORES then gave verbal consent for the officer to search his vehicle, and the officer located the following items:

- One (1) white plastic bag was found in the backseat of the vehicle. The white plastic bag contained approximately 50 live rounds of .44 caliber ammunition.

- One (1) plastic bag was found in the backseat floorboard behind the driver's seat. The plastic bag contained two (2) extended magazines for 9mm and .40 caliber ammunition.

14. The officer conducted a criminal history search through the OCPD Crime Information Unit and learned that FLORES was a convicted felon out of Los Angeles County, CA, for Assault with Firearm on Person.

15. On January 25, 2022, I, along with ATF Task Force Officer (TFO) Christopher Grimes, conducted an interview with H.A. at OCPD Headquarters. During the interview, H.A. stated that she witnesses FLORES purchase two (2) full auto switches from the individual driving the Dodge Durango. H.A. stated that the transaction occurred in the fairgrounds parking lot, and H.A. further stated that FLORES used his cellular phone to set up the transaction.

16. Based on my training and experience, I am aware that prohibited individuals involved in acquiring firearms and ammunition often use cell phones to maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of firearms. Such cell phones and their associated memory cards commonly contain electronically stored information which constitutes evidence, fruits, and instrumentalities, of firearm offenses including,

but not limited to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, and videos.

17. Because this warrant seeks only permission to examine a SUBJECT PHONE already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto property. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

18. Based on the above information, there is probable cause to believe that violations of Title 18, United States Code, Section 922(g)(1) (felon in possession of ammunition), and Title 18, United States Code, 922(o) (possession of a machinegun) have occurred, and that evidence, fruits, and instrumentalities of these offenses are located on the SUBJECT PHONE. Therefore, I respectfully request that this Court issue a warrant for the SUBJECT PHONE, described in Attachment A, authorizing the seizure of items described in Attachment B.

## REQUEST FOR SEALING

19. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant. I believe that sealing this document is necessary because the warrant is relevant to an ongoing investigation into the criminal organizations as not all of the targets of this investigation will be searched at this time. Based upon my training and experience, I have learned that online criminals actively search for criminal affidavits and search warrants via the internet and disseminate them to other online criminals as they deem appropriate, i.e., post them publicly online through the carding forums. Premature disclosure of the contents of this affidavit and related

documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

Respectfully submitted,

Brian Anderson
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me on February 10, 2022.

SUZANNE MITCHELL
United States Magistrate Judge

## ATTACHMENT A

The property to be searched is an Apple iPhone, Model NT6F2LL/A, S/N GR6CHOUZKPHC, hereinafter SUBJECT PHONE.  The SUBJECT PHONE is currently located at the Bureau of Alcohol, Tobacco, Firearms and Explosives, 901 NE 122nd Street, Oklahoma City, Oklahoma.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on the Devices described in Attachment A that relate to violations of 18 U.S.C. § 922(g)(1) (felon in possession of ammunition), and 18 U.S.C. § 922(o) (possession of a machinegun).

   a. lists of identities of co-conspirators or criminal associates, text messages, emails, and related information;

   b. any information related to sources of firearms and/or ammunition (including names, addresses, phone numbers, or any other identifying information);

   c. all bank records, checks, credit card bills, account information, and other financial records;

   d. photographs of ammunition, and firearms;

   e. any information concerning schedule or travel.

2. Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

   a. records of Internet Protocol addresses used;

   b. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing

items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic or video form.